**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LYNNE HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No: |
| | ) | |
| | ) | |
| UNUM LIFE INSURANCE | ) | |
| COMPANY OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT**

Now comes the Plaintiff, LYNNE HARRIS, by her attorneys, MARK D. DEBOFSKY,

WILLIAM T. REYNOLDS, and DEBOFSKY & ASSOCIATES, P.C., and complaining against

the Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA, she states:

*Jurisdiction and Venue*

1.      Jurisdiction of this Court as to the claims against Unum is based upon the

Employee Retirement Income Security Act of 1974 ("ERISA"), in particular, 29 U.S.C. §§

1132(e)(1) and 1132(f). Those provisions give the district court jurisdiction to hear civil actions

brought to recover benefits due under the terms of an employee welfare benefit plan, which, in

this case, consisted of a group long term disability ("LTD") insurance policy, underwritten and

administered by Unum Life Insurance Company of America ("Unum"), issued to and for the

benefit of the employees of Seyfarth Shaw LLP ("the Policy"). In addition, this action may be

brought before this Court pursuant to 28 U.S.C. § 1331, which gives the district court jurisdiction

over actions that arise under the laws of the United States.

2.    The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. Those avenues of appeal have been exhausted.

3.    Venue is proper in the Northern District of Illinois. 29 U.S.C. § 1133(e)(2); 28 U.S.C. § 1391.

### Nature of Action

4.    This is a claim seeking recovery of benefits due under an insured employee welfare benefit plan. Disability benefits are due under Unum's group insurance policy, policy number 134269 (a true and accurate copy of the Policy in effect at all times relevant is attached hereto as Exhibit A and incorporated herein). The Policy is and was underwritten and administered by Unum, and was in full force and effect at all times relevant hereto in consideration of premiums paid.  The Policy provided for payment of LTD insurance benefits to employees of the Seyfarth Shaw LLP in the event they were unable to work on account of disability due to accident or sickness. This action is brought pursuant to ERISA § 502(a)(1)(B) (28 U.S.C. § 1132(a)(1)(B)). Plaintiff also alleges that Unum breached its fiduciary duty of loyalty to Plaintiff under ERISA § 404 (29 U.S.C. § 1104) and seeks all additional remedies available for such breach.  Plaintiff also seeks penalties and attorneys' fees pursuant to 29 U.S.C. § 1132(g) and ERISA § 502(g).

### The Parties

5.    Lynne Harris ("Harris" or "Plaintiff"), age 48 (date of birth February 25, 1967), is and was at all times relevant hereto a resident of Chicago, Illinois; and the events, transactions, and occurrences relevant to Plaintiff's claim of disability took place within the Northern District of Illinois.

6.    The Defendant, Unum Life Insurance Company of America was, at all times

relevant hereto, doing business throughout the United States and within the Northern District of Illinois.

7.     At all times relevant hereto, the Policy constituted an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1). Incident to her status as an Affirmative Action Analyst at Seyfarth Shaw LLP, Plaintiff received coverage under the Plan as a "participant" as defined by 29 U.S.C. § 1002(7). This claim relates to benefits under the foregoing LTD Policy.

### *Statement of Facts*

8.     Prior to her disability, Plaintiff was employed as an Affirmative Action Analyst at Seyfarth Shaw LLP.   While still employed, she took intermittent paid and unpaid FMLA leave for over a year due to worsening symptoms of a combination of debilitating impairments, including, but not limited to, systemic lupus erythematosus ("SLE"); fibromyalgia; coronary artery disease; and systemic pain and fatigue.

9.     On June 17, 2011, Plaintiff ceased working altogether due to her ongoing medical conditions.  She has not worked in any capacity since that date.

10.     As a benefit provided under a group insurance plan pursuant to her employment with Seyfarth Shaw LLP, Plaintiff received LTD insurance coverage offering benefits at a rate of 60% of her monthly earnings (to a maximum benefit of $10,000 per month) in the event of her disability, payable until she reaches the age of 65.   The Policy defines the terms "disability" and/or "disabled," in relevant part, as follows:

You are disabled when Unum determines that:

- You are **limited** from performing the **material and substantial duties** of your **regular occupation** due to your **sickness or injury**, and

- You have a 20% or more loss in your **indexed monthly earnings** due to the same sickness or injury.

3

After 24 months of payments, you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any **gainful occupation** for which you are reasonably fitted by education, training or experience.

You much be under the regular care of a physician in order to be considered disabled.

The loss of a professional or occupational license or certification does not, in itself, constitute disability.

We may require you to be examined by a physician, other medical practitioner and/or vocational expert of our choice. Unum will pay for this examination. We can require an examination as often as it is reasonable to do so. We may also require you to be interviewed by an authorized Unum representative.

11.     After satisfying the 180-day benefit waiting period, Plaintiff began receiving LTD benefits from Unum in the amount of $3,075.23 per month.[1]  Those benefits continued to be paid without interruption from December 16, 2011 through April 24, 2014.

12.     On February 21, 2013, Plaintiff was awarded Social Security Disability Insurance benefits in the amount of $1,776.10 per month after the Social Security Administration ("SSA") found her totally disabled due to a combination of SLE, fibromyalgia, hypertension, diabetes mellitus, coronary artery disease, Raynaud's syndrome, status post bunion surgery, obstructive sleep apnea, and right hip bursitis. The SSA determination was made under a more stringent standard than the disability standard at issue here, as set forth in 42 U.S.C. §§ 423(d)(1)(A) and 423(d)(2)(A).  Plaintiff's monthly LTD benefit was thereby reduced to $1,299.13 per month, reflecting the application of a benefit offset for SSDI income.

13.     Despite the lack of any improvement in Plaintiff's medical condition, on April 25, 2014, Unum terminated her LTD benefits.

14.     On October 22, 2014, Plaintiff submitted a formal appeal of Unum's termination

---

[1] LTD benefits were originally miscalculated and paid at a rate $2,561.66 per month.  Upon Plaintiff's appeal of this computation, Unum reversed its prior benefit calculation decision and credited Plaintiff for the additionally owed benefits back to the date she established benefit eligibility.

of her LTD benefits pursuant to 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1. She challenged Unum's reliance on the reports of a non-examining in-house nurses and in-house physicians, who ignored key evidence of Plaintiff's disability and relied heavily on the unqualified opinions contained in a Field Investigation Report in reaching its conclusion to terminate LTD benefits.

15.     Despite the submission of proof of claim that was more than adequate to satisfy the eligibility criteria under the LTD Policy, Unum affirmed its termination of Plaintiff's benefit claim on December 22, 2014.

16.     Unum's ongoing denial of Plaintiff's LTD claim continues to be premised on the unsupported and erroneous allegations of biased and self-interested non-examining medical personnel and inexplicably rejects the determination of disability made by the SSA despite Unum's agreement to give deference to a favorable Social Security finding upon entering a Regulatory Settlement Agreement ("RSA") with the state insurance commissioners in November 2004 (a true and accurate copy of the RSA is attached hereto as Exhibit B and incorporated herein).

17.     The evidence submitted to Unum conclusively establishes that Plaintiff's disability continued beyond April 15, 2014 and that she remains incapable of performing the duties of any occupation. Unum's denial was not reasoned or principled and was influenced by conflict of interest and self-dealing, and constitutes a breach of the fiduciary duty it owes Plaintiff under 29 U.S.C. § 1104. Accordingly, Plaintiff is entitled to all LTD benefits due since April 15, 2014, plus interest that has accrued thereon; and she is also entitled to a declaration of rights that her benefits remain payable thereafter so long as Plaintiff continues to meet the Policy's terms and conditions. Plaintiff is further entitled to all additional available remedies due to Unum's breach of fiduciary duty.

18.     All avenues of administrative appeals have now been exhausted, and this matter is ripe for judicial review.

### Relief Sought

WHEREFORE, Plaintiff prays for the following relief:

A.     That the Court enter judgment in Plaintiff's favor and against Unum, and that the Court order the Defendant to pay all LTD benefits owed to Plaintiff in an amount equal to the contractual amount of benefits to which she is entitled;

B.     That the Court order the Defendant to pay Plaintiff prejudgment interest on all benefits that have accrued prior to the date of judgment;

C.     That the Court determine and declare that Plaintiff is entitled to receive ongoing benefits subject to the Policy's terms and conditions;

D.     That the Court award Plaintiff her attorney's fees pursuant to 29 U.S.C. § 1132(g); and;

E.     That Plaintiff recover any and all other relief to which she may be entitled, as well as the costs of suit.


March 20, 2015                                      Respectfully Submitted,

                                                   /s/ Mark DeBofsky_____
                                                   Plaintiff's Attorneys

Mark D. DeBofsky
William T. Reynolds
DeBofsky & Associates, PC
200 W. Madison St., Ste. 2670
Chicago, IL 60606
(312) 561-4040 (phone)
(312) 929-0309 (fax)